IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**CHARLES R. JARRETT, JR.**                                                                 **PLAINTIFF**

**V.**                               **CASE NO. 3:20-cv-03068**

**KILOLO KIJAKAZI, Acting Commissioner,**[1]
**Social Security Administration**                                                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act.  (Doc. 22).  On November 1, 2021, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,987.10, representing a total of 3.80 attorney hours for work performed in 2020 at an hourly rate of $203.00, 24.70 attorney hours in 2021 at a rate of $206.00 per hour, and 1.70 paralegal hours at an hourly rate of $75.00.  (Doc. 22-2).  On November 2, 2021, the Commissioner filed a response voicing no objections. (Doc. 24).

### I.   Discussion

The Court finds that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable.  *See Jackson v.*

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit.

*Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,987.10.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$5,987.10** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**IT IS SO ORDERED** on this 1st day of December, 2021.

*/s/ Timothy L. Brooks*_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE